USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 01/04/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REDAPT ATTUNIX, INC.,

                Plaintiff,

        v.

BASECAP ANALYTICS INC.,

                Defendant.

No. 21-CV-7949 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      On September 23, 2021, Plaintiff brought this action against Defendant for misappropriation of trade secrets under federal and state law, breach of contract, tortious interference with contract, and conversion. On December 17, 2021, Defendant requested an extension of time to respond to the Complaint until a decision has been rendered in an arbitration that is currently pending between Plaintiff and an individual named Peter Parker ("the Parker arbitration"). At issue in that arbitration is whether Parker, who is a former employee of Plaintiff, misappropriated Plaintiff's trade secrets around the time he left Plaintiff's employment to work for Defendant. As in this action, Plaintiff alleges in the Parker arbitration that Parker has transferred or will transfer these misappropriated trade secrets to Defendant. Defendant argues that "the arbitration panel will issue a ruling on whether Parker improperly took the [trade secrets] and whether he thereafter provided the [trade secrets] to" Defendant, and that this ruling will resolve a key issue in this case. Defendant predicts that the Parker arbitration will be resolved in eight to ten months. On December 28, 2021, Plaintiff opposed Defendant's request.

      A party seeking to stay an action pending a related arbitration "must establish that 'there are issues common to the arbitration and the court proceeding,' and that 'those issues will finally be determined by arbitration.'" *W.P. Carey, Inc. v. Bigler*, No. 18-cv-0585 (KPF), 2019 WL 1382898, at *9 (S.D.N.Y. Mar. 27, 2019) (quoting *Am. Shipping Line, Inc. v. Massan Shipping Indus., Inc.*, 885 F.

Supp. 499, 502 (S.D.N.Y. 1995)). "If that burden can be satisfied, then the movant must show that 'the non-arbitrating party will not hinder the arbitration, that the arbitration can be resolved within a reasonable time, and that such delay that may occur will not cause hardship to the non-moving parties.'" *Id.* (quoting *Am. Shipping Line*, 885 F. Supp. at 502).

Having considered these factors, particularly given that Plaintiff's trade secrets claims against Defendant rely on allegations concerning Parker's own misappropriation, the Court finds that a stay is appropriate in this case pending the resolution of the Parker arbitration. *See, e.g.*, *Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd.*, No. 10-cv-8134 (DLC), 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011) (granting a motion to stay pending a related arbitration when "the outcome of the ongoing . . . [a]rbitration will have a significant bearing on th[e] case"). Accordingly, the upcoming deadlines in this case, including the January 14, 2022 conference, are adjourned *sine die*. The parties are directed to provide a letter update to the Court as to the status of the Parker arbitration and the continued need for a stay in this action either (1) within one week of the arbitrator's decision, or (2) by September 2, 2022, whichever is sooner.

SO ORDERED.

Dated:   January 4, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge