UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REDAPT ATTUNIX, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BASECAP ANALYTICS, INC., <br><br> Defendant. | Civ. No.: 21-CV-7949-RA |

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1) Counsel for any party may designate any document or information, in whole or in part, as "Confidential Information" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2) The Confidential Information disclosed will be held and used by the person or party receiving such information solely for use in connection with the action.

3) In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4) All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a) The requesting party and counsel, including in-house counsel;

b) Employees of such counsel assigned to and necessary to assist in the litigation;

c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, whose names are identified in advance of disclosure and who follow the procedures set forth in Section 7(c); and

d) The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5) Before disclosing or displaying the Confidential Information to any person, counsel must:

   a) Inform the person of the confidential nature of the information or documents;

   b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c) Require each such person to sign an agreement to be bound by thisOrder in the form attached hereto.

6) To the extent a producing party believes that certain Confidential Information qualifying to be designated Confidential is so sensitive that its dissemination deserves even further limitation, the producing party may designate such documents or information "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Confidential Information includes computer source code, live data, and/or confidential, personal or financial information of third parties, clients or prospective clients of the producing party, the producing party may designate such Confidential Information as "RESTRICTED CONFIDENTIAL SOURCE CODE OR RESTRICTED CONFIDENTIAL THIRD PARTY/CLIENT INFORMATION," except that:

   a) The parties will meet and confer in advance regarding any categories of documents believed to require such designation[1]; and

   b) Notwithstanding the terms of this Order, the parties reserve their right to challenge such designations following the production of the relevant documents or information.

7) For Confidential Information designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Confidential Information shall be limited to:

   a) outside counsel of record in the above-captioned action (the "Action") for the parties,

---

[1] The parties have already met and conferred with regard to BaseCap's designation of documents describing work performed by BaseCap clients, strategies of BaseCap clients, and executive compensation as Attorneys' Eyes Only.

2

      including the partners, members, associates, and contract attorneys of such counsel;

  b) employees or other members of the staff of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of the Action;

    i) outside consultants or experts (i.e., not existing employees or affiliates of a party) retained for the purpose of this Action, provided that before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing party with a current curriculum vitae of the consultant or expert, identifying the consultant's or expert's current employer and his or her employers in the past four (4) years;

    such information will be provided to the producing party at least five (5) calendar days before access to the Confidential Information is to be given to that consultant or expert to allow the producing party to object to and notify the receiving party in writing that it objects to disclosure of Confidential Information to the consultant or expert. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection within five (5) business days of the notice of objection to providing access to such person, or within such other time as the parties may agree, the objecting party may file a motion with the Court seeking a protective order to bar the proposed disclosure, or comparable filing as the Court or individual Judge's rules may require. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

  c) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, and mock jurors, provided the mock jurors separately sign onto this Order and agree to be bound by its terms prior to the mock exercise. Mock jurors signing this Order need not be disclosed to the producing party; and

  d) the Court and its personnel and the jury as well as any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

8) For Confidential Information designated RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION, the following additional restrictions apply, unless the producing party and the receiving party agree otherwise in writing. Once a producing party agrees to make its documents or information designated as RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION available and upon the receiving party's written notice at least three (3) business days in advance, the documents, source code or other information shall be made available according to the following procedure:

a)  Access to the documents or information shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may not be connected to a printer for any purpose (printouts shall be requested from the producing Party as specified in ¶ 8(g-h) below). The stand-alone computer(s) shall have an external mouse and an additional monitor. The stand-alone computer(s) will be placed in a secured room at the New York office of the producing party's outside counsel or other location agreed upon by the parties.  No recordable media, recordable devices, computers, cell phones, or other electronic devices may be brought into the secured room;

b)  The stand-alone computer(s) shall be reasonably configured to permit the receiving party to review the source code. If requested by the receiving party, the producing party shall install on the stand-alone computer(s) tools reasonably necessary to review and search the source code, including but not limited to: Windows 10 or 11 operating system, Visual Studio Code Viewer, Windows Explorer, Microsoft Office (including Word, Excel, PowerPoint, and Visio), Adobe Acrobat Reader, Windows Paint, a web browser (Internet Explorer, Firefox, or Google Chrome), WinZip, Notepad++, Visual Basic, Grep, Understand C, Visual Slick Edit, Source-Navigator, PowerGrep, KDiff3, Effective File Search, File Locator, and/or ExamDiffPro, as specified in the written notice provided pursuant to this section;

c)  The producing party shall also be entitled to have a person visually monitor the receiving party's actions in the secured room to ensure compliance with the provisions of this Order provided, however, that said person shall not be permitted to view any work product generated by the receiving party's representative(s);

d)  The producing party shall make its best effort to make a breakout room available within a reasonable distance to the secured room where the receiving party may use personal electronic devices;

e)  The receiving party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time. However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computer(s) outside of normal business hours;

f)  The producing party will produce the documents or information designated as RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION in computer searchable format on the stand-alone computer(s) as described above;

g)  Access to the documents or information designated as RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION shall be limited to outside

counsel and their employees as defined by paragraphs 7(a) and 7(b) above, and up to two (2) outside consultants or experts under paragraph 7(c) above. A receiving party may include excerpts of the documents or information designated as RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Confidential Information is properly marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders;

h) To the extent portions of documents or information designated as RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION are quoted in a document, uncited Confidential Information must be redacted and, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION or (2) those pages containing the quoted documents or information will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION;

i) No written or electronic copies of documents or information designated as RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION shall be made without prior written consent of the producing party, except as provided herein;

j)  The receiving party shall be permitted to request from the producing party a reasonable number of printouts of RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code, client information, or third party information other than electronically as set forth in paragraph 8(a) in the first instance.  The producing party shall Bates number, copy, and label as "RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION" any pages requested to be printed by the receiving party.  Existing and prospective client names and contact information such as email addresses and phone numbers, and personal or financial information of third parties such as account number or other identifying information, may be redacted in any printout provided. Notwithstanding the terms of this order, the parties reserve their rights to pursue good faith requests for the re-production of certain personal or financial information of third parties, clients, or prospective clients of the producing party in unredacted form as RESTRICTED – ATTORNEYS' EYES ONLY material and will meet and confer regarding any such requests in advance of raising them with the Court.  Unless re-production is ordered by the Court, the party seeking re-production will pay all reasonable costs associated with such re-production.

k)  Two (2) copies of requested printouts shall be provided to the receiving party within four (4) business days of the request, counting the date of the request as day one. The producing party shall retain a copy of the printouts provided to the receiving party. The receiving party shall be permitted to request that the producing party print the folder structures, if any, containing the RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION material, including the filenames contained therein, subject to the limitations contained in paragraph 8(g). Such printout of the folder structure shall be clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION."

l)  The receiving party shall maintain a log of all paper copies of the RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION material including the names of the custodian(s) or location(s) where the paper copies are stored when the paper copies are not in use. Only the persons and experts who have been identified and approved to view RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION materials in accordance with Paragraph 8(d) shall have access to the printed portions of RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION material (except insofar as such code appears in any court filing or expert report). The receiving party shall provide a copy of this log to the producing party upon request.

9) The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Informationsubject to all the terms of this Stipulation and Order.

10) Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

11) Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

12) Notwithstanding the designation of information as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE OR THIRD PARTY/CLIENT INFORMATION" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13) At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer

subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their work product on the condition that those files:

a) will remain protected by the terms of this order until such time as they are destroyed;

b) will remain in the possession of counsel and will not be disclosed to the receiving party or its employees, officers, directors, representatives, members, affiliates, or successors, or any third party; and

c) if any disclosure to any third party is required by law or required to be made in order to defend against a malpractice claim, counsel will notify the counsel for the producing party in writing at least 7 days in advance of such disclosure so that the producing party has time to move for judicial relief or a protective order to govern such disclosure.

**SO STIPULATED AND AGREED**.

Hoguet Newman Regal & Kenney, LLP

_____
Ira J. Lipton
One Grand Central Place
New York, New York 10036
*Counsel for Plaintiff*

Dated: 06/30/2022

Chiesa, Shahinian & Giantomasi P.C.

_____
Wendy R. Stein
Donald R. Bunton
11 Times Square
New York, New York 10036
*Counsel for Defendant*

Dated: 6/30/2022

**SO ORDERED**.

_____
**Hon. Ona T. Wang**
United States Magistrate Judge

Dated:     July 1, 2022
           New York, New York

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE OR RESTRICTED CONFIDENTIAL THIRD PARTY/CLIENT INFORMATION" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I further agree to comply with the destruction provision contained in Section 13 at the conclusion of this action and submit to the jurisdiction of this court to enforce my compliance and/or noncompliance with this Agreement and Protective Order.

NAME: _____

_____
Signature

DATED:

_____

Signed in the presence of:

_____
(Attorney)